# In the United States District Court for the District of New Jersey

CHANCE & McCANN, L.L.C.
210 West Commerce Street
Post Office Box 278
Bridgeton, NJ  08302
(856) 451-9100
Attorneys for Plaintiff

_____

Alexander Casey
P.O. Box 598
New Vernon, NJ  07976

                PLAINTIFF,

                    v.

Borough of Seaside Park
1701 North Ocean Avenue
Post Office Box B
Seaside Park, NJ  08752

and

Borough of Seaside Park Police Department
6th Avenue & Central Avenue
Seaside Park, NJ  08752

and

William Beining, Chief of Police
Seaside Park Police Department
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm. Christopher Bonner
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

**TRENTON**

CIVIL ACTION

No.:

**COMPLAINT AND JURY DEMAND**

Ptlwm.  Jillian Dworzanski
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm. Michael Garvey
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm.  Matthew Brady
6th Avenue & Central Avenue
Seaside Park, NJ  08752

and

Ptlm.  Christopher R. Graham
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm. Joseph M. Luna
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm. Ryan Jenkins
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Ptlm. Rafiq Abdul-Ghafur
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Sgt. Daniel Fitzgerald
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Sgt. James Citta
6th Avenue & Central Avenue
Seaside Park, NJ 08752

and

Robert Matthies, Mayor
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

Robert Martucci, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

Sue Maday, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

Benjamin Kaiser, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

Douglas Fairfield, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

Maryanne Palmisano, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B

Seaside Park, NJ 08752

and

John Moyse, Town Council
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

and

John Does 1-5, Members of Seaside Park Police Dep't
6th Avenue & Central Avenue
Seaside Park, NJ  08752

and

John Does 6-10, Personnel of Seaside Park Police Dep't
in supervisory capacities
6th Avenue & Central Avenue
Seaside Park, NJ   08752

and

John Does 11-15, Seaside Park Council Members
and/or Seaside Park Municipal Employees, Officials and/or
Appointees
Borough of Seaside Park
1701 North Ocean Ave., P.O.Box B
Seaside Park, NJ 08752

                        DEFENDANTS.

_____

## PRELIMINARY STATEMENT

1.      This is an action alleging a deprivation of civil rights resulting from the use of unlawful

and excessive force by members of the Borough of Seaside Park Police Department.

Money damages are sought.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. Section 1983, 1985(3), 1986 and the Fourth,

Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded on 28 U.S.C. Section 1331 and Section 1343 (1)(2)(3)(4) and the

aforementioned statutory and constitutional provisions.

4.      Plaintiff further invokes the pendent/supplemental jurisdiction of this court to consider

claims arising under state law.

<u>**PARTIES**</u>

5.      Plaintiff, Alexander Casey, is an individual residing at the above captioned address and

who is a citizen of the United States of America.  He brings this action on behalf of himself

as an individual.

6.      Defendant, Borough of Seaside Park, is a municipal corporation with offices for service of

process located at 1701 N. Ocean Avenue, P.O. Box B, Seaside Park, NJ 08752, and, at all

times material hereto, did own and operate, by its agents, servants, workmen and/or

employees, the Seaside Park Police Department and all other defendants herein acting

under color of state law who are known and who may be currently unknown.

7.      Defendant, Borough of Seaside Park Police Department, is a municipal corporation with

offices for service of process locates at 6th and Central Avenues, Seaside Park, NJ 08752,

and, at all times material hereto, did operate, by its agents, servants, workmen and/or

employees, the Borough of Seaside Park Police Department and all other defendants acting

under color of state law herein.

8.      Defendant William Beining was, at all times relevant, the Chief of Police for Seaside Park

Police Department and employed by Defendant Borough of Seaside Park.  As such, he was

the commanding officer of the named Defendant Officers and John Does 1-5, and was responsible for the training and conduct of said defendants. He is also required by law to enforce the regulations of the Borough of Seaside Park Police Department and of the United State of America. He is joined individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his authority.

9.      Defendants, Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur were, at all times relevant, police officers employed by the Borough of Seaside Park Police Department. They are joined individually and in their official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of their employment.

10.    Defendant Sgt. Daniel Fitzgerald was, all times relevant, a police officer employed by the Borough of Seaside Park Police Department and the on duty supervisor of the defendant officers specifically named in ¶ 9. He is joined individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his employment.

11.    Defendant, Sergeant James Citta, was at all times relevant, a police officer employed by the Borough of Seaside Park Police Department responsible for training and supervising the defendant officers specifically named in ¶ 9 and ¶ 10. He is joined individually and in his official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of his employment.

12.    Defendants John Does 1-5 were, at all times relevant, police officers employed by the Borough of Seaside Park. Their identity is yet unknown to the Plaintiff. They are sued

individually and in their official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of their authority.

13.    Defendants John Does 6-10 were, at all times relevant, personnel of the Borough of Seaside Park Police Department in supervisory capacities.  Their identity is yet unknown to the Plaintiff.  They are sued individually and in their official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of their authority.

14.    Defendants John Does 11-15 were, at all times relevant, Seaside Park Council Members and/or Seaside Park Municipal Employees, Officials and/or appointees.  Their identity is yet unknown to the Plaintiff.  They are sued individually and in their official capacity as an agent, servant and/or employee of the Borough of Seaside Park acting within the scope of their authority.

15.    At all times relevant hereto and in all their actions described herein, the Defendants set forth above in paragraphs 6 through 14 were acting under color of law and under color of their authority as police officers, supervisory officers, supervisory personnel, and Chief of Police of the Borough of Seaside Park.

### FACTUAL ALLEGATIONS AS TO ALL CAUSES OF ACTION AND ALL PARTIES

16.    Paragraphs 1 through 15 are incorporated herein as though fully set forth.

17.    On or about June 10, 2005, Plaintiff and several friends went to the Ocean Terrace Motel located in the Borough of Seaside Park, New Jersey.

18.    During the early morning hours of June 11, 2005, plaintiff left the Ocean Terrace Motel.

19.    Plaintiff walked across the street from the Ocean Terrace Motel and walked onto the beach
       via the dunes adjacent to the area.

20.    Plaintiff, while lying down on the sand, was approached by defendants Bonner,
       Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and/or Abdul-Ghafur.

21.    Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and/or Abdul-
       Ghafur informed Plaintiff that he was under arrest.

22.    Plaintiff did not resist arrest.

23.    During the arrest, Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna,
       Jenkins, and Abdul-Ghafur responded with physical and verbal abuse, intentionally and/or
       recklessly using force that was unreasonable, unnecessary, and unwarranted under the
       circumstances including, but not limited to, the following:

       A.    Tackling Plaintiff to the ground and repeatedly kicking and punching him in the
             face, head and body, causing injury.

       B.    Spraying Plaintiff with OC spray, causing injury and extreme distress.

       C.    Hitting Plaintiff in the head with police batons, causing injury and extreme distress.

       D.    Kicking sand in Plaintiff's eyes, causing injury and extreme distress.

       E.    Rubbing Plaintiff's cut and injured face in the sand, causing injury and extreme
             distress.

       F.    Scratching Plaintiff's body in several locations, causing injury and extreme
             distress.

       G.    Purposefully tightening the handcuffs on Plaintiff so that Plaintiff was caused
             extreme distress and injury to his wrists and hands.

24.    Upon arriving at the Borough of Seaside Park Police Headquarters, the Defendant officers continued to physically and mentally abuse the Plaintiff for a period exceeding four hours. This abuse included but was not limited to spraying plaintiff in the face with OC spray while handcuffed in the cell and denying Plaintiff proper medical treatment for his severe injuries.

25.    These Defendants mistreatment of the plaintiff was so severe and evident that the Ocean County Jail refused to admit the plaintiff and required him to be transported to Community Medical Center for medical treatment.

26.    Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur in conspiracy with each other and/or John Does 1-5, knowingly falsified criminal complaints and investigation reports against Plaintiff in order to protect themselves from criminal and civil liability for the unprovoked assault and beating of Plaintiff.

## COUNT ONE
## EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983

27.    Paragraphs 1 through 26 are incorporated herein as though fully set forth.

28.    The aforesaid physical abuses inflicted upon Plaintiff by Defendants, acting individually and in concert, agreement and conspiracy with each other, were carried out unlawfully, maliciously, intentionally, and/or recklessly.

29.    The arrest of Plaintiff was accomplished through the use of force which was excessive in that it was unreasonable and unnecessary under the totality of the circumstances. Further, such improper actions resulted in bodily and emotional injuries to Plaintiff, and deprivation of his right to be secure against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

30. As a direct and proximate result of the acts described above, all committed under color of authority as Borough of Seaside Park Police Officers and while acting within the scope of their employment and pursuant to authority vested in them by the Defendant Borough of Seaside Park, Defendants caused Plaintiff to sustain injuries and a deprivation of his personal liberty.

32. As a result of the willful, wanton, and intentional and/or reckless misconduct of Defendants, Plaintiff has suffered damages including but not limited to:

    A.      multiple painful bruises, cuts, and other bodily injuries;

    B.      pain and suffering;

    C.      emotional distress and mental anguish;

    D.      expenditures and lost wages for medical treatment;

    E.      expenditures and lost wages to prosecute this claim.

### COUNT TWO
### MALICIOUS ABUSE OF PROCESS PURSUANT TO 42 U.S.C. § 1983

33. Paragraphs 1 through 32 are incorporated herein as though fully set forth.

34. Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur, in conspiracy with one another and/or John Does 1-5 falsified criminal complaints and investigation reports concerning the incident involving Plaintiff in order to gain an advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

35. The aforesaid acts of these Defendants amount to the malicious use of a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

36.     As a direct and proximate result of the aforesaid, Plaintiff has suffered a deprivation of his

        constitutionally protected rights.

## COUNT THREE
## UNLAWFUL CUSTOM, PRACTICE, POLICY/INADEQUATE TRAINING
## PURSUANT TO 42 U.S.C. § 1983

37.     Paragraphs 1 through 36 are incorporated herein as if fully set forth.

38.     Plaintiff believes, and therefore avers, that members of the Seaside Park Police Department

        have in the past and continue to engage in the use of excessive force and falsification of

        criminal complaints and investigation reports during the discharge of their duties.

39.     Defendants Borough of Seaside Park, Borough of Seaside Park Police Department,

        William Beining, Sgt. James Citta, Sgt. Daniel Fitzgerald and/or John Does 6-10

        participated in, had knowledge of, directed, approved, were personally responsible for,

        personally cooperated in, or were reckless in regard to formulating, organizing, planning,

        and/or acquiesced in the policy, practice or custom consistent with the unlawful actions

        which are the subject of this Complaint.

40.     Said Defendants were grossly negligent and/or reckless in failing to adequately train,

        supervise, and discipline the individual officers named as Defendants herein and other

        officers in the Seaside Park Police Department, and directly caused the injuries and harm

        suffered by Plaintiff.

41.     Said Defendants had the power to prevent or aid in preventing the commission of unlawful,

        deliberate, malicious, reckless and wanton acts of Defendants Bonner, Dworzanski,

        Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur, and/or John Does 1-5, could

        have done so through reasonable diligence, and intentionally, knowingly, recklessly and/or

        with deliberate indifference failed to do so.

42.   The acts of the Defendants, committed under color of law and under color of their

authority as police officers and chief of police for the Borough of Seaside Park, as herein

above set out, deprived Plaintiff of his rights, privileges and immunities guaranteed to him

as a citizen of the United States in violation of 42 U.S.C. Sec. 1983, 1985(3) and 1986, and

deprived Plaintiff of rights guaranteed to him by the fourth, Fifth, Eighth and Fourteenth

Amendments to the Constitution of the United States of America.

43.   As a direct and proximate result of the acts of Defendants, Plaintiff has suffered injury.

## COUNT FOUR
## UNLAWFUL CUSTOM, PRACTICE, POLICY
## PURSUANT TO 42 U.S.C. § 1983

44.   Paragraphs 1 through 43 are incorporated herein as if fully set forth.

45.   Defendants Matthies, Martucci, Maday, Kaiser, Fairfield, Palmisano, Moyse and/or John

Does 11-15 are vested by state law with the authority to make policy on the use of force,

effectuating arrests and/or police citizen encounters.

46.   At all times relevant herein, Defendant Matthies was the Mayor of the Borough of Seaside

Park.

47.   At all times relevant herein, Defendants Martucci, Maday, Kaiser, Fairfield, Palmisano,

Moyse and/or John Does 11-15 were Seaside Park counsel members and/or Seaside Park

municipal employees, officials and/or appointees.

48.   Defendants Matthies, Martucci, Maday, Kaiser, Fairfield, Palmisano, Moyse and/or John

Does 11-15 had notice of numerous incidents involving individuals employed by the

Seaside Park Police Department and citizens, whereby individuals were held in custody

and subject to physical and mental abuse, subject to the use of excessive force during their

arrest, and officers falsified police and/or other official records to avoid civil and/or criminal liability.

49. Despite having notice of such incidents and having the power and responsibility to prevent such constitutional deprivations from occurring in the future, Defendants Matthies, Martucci, Maday, Kaiser, Fairfield, Palmisano, Moyse and/or John Does 11-15 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control and discipline the police officers employed by the Borough of Seaside Park.

50. In failing to prevent such constitutional deprivations from occurring as a result of the aforesaid inaction, Defendants Matthies, Martucci, Maday, Kaiser, Fairfield, Palmisano, Moyse and/or John Does 11-15, acting under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendants employed by the Borough of Seaside Park Police Department.

51. As a direct and proximate result of the acts or omissions of Defendants Matthies, Martucci, Maday, Kaiser, Fairfield, Palmisano, Moyse, and/or John Does 11-15 committed under color of state law, the Plaintiff has suffered injuries, including but not limited to, the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## COUNT FIVE
## SUPERVISORY LIABILITY

52. The allegations in paragraphs 1 through 51 are incorporated by reference herein as if set forth at length.

53. Defendants Sgt. Daniel Fitzgerald and/or John Does 6-10 were supervisory officials and/or officers in charge at the time of Plaintiff's arrest and assault.

54.   Said Defendants had a duty to prevent subordinate officers from violating the constitutional rights of citizens and/or detainees.

55.   Said Defendants either directed the individual officers involved to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in their subordinate's violations.

56.   As a direct and proximate result of the acts or omissions of said Defendants, Plaintiff suffered injury, including a deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## COUNT SIX
## STATE LAW ASSAULT AND BATTERY

57.   The allegations in paragraphs 1 through 56 are incorporated by reference herein.

58.   The acts and conduct of Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur and/or John Does 1-5 alleged and detailed in paragraphs 16 through 26 constituted assault and battery under the laws of the State of New Jersey.

59.   This Court has pendent/supplemental jurisdiction to hear and adjudicate said claims.

## COUNT SEVEN
## PUNITIVE DAMAGES

60.   The allegations in paragraphs 1 through 59 are incorporated by reference herein.

61.   The acts of the Defendants as averred herein were willful, wanton, malicious, intentional and/or evidenced a reckless disregard to the rights, health and safety of the Plaintiff.

WHEREFORE, Plaintiff with respect to Counts I-VII demands the following relief, jointly and severally, against all Defendants:

A.   Compensatory damages in excess of $75,000;

B.   Punitive damages in excess of $1,000,000;

C.      Award Plaintiff compensatory and punitive damages for the intentional violations of his rights and to compensate Plaintiff for psychological and emotional injuries intentionally and/or recklessly caused and/or caused by the palpable unreasonableness of Defendants;

D.      Enter an Order permanently restraining and enjoining Defendant Seaside Park from employing Defendants Bonner, Dworzanski, Garvey, Brady, Graham, Luna, Jenkins, and Abdul-Ghafur, and/or John Does 1-5 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to the Police Station, forbidding them from carrying any weapon (including OC spray), and forbidding them from arresting citizens and/or assisting in making arrest and using any force in arresting citizens and/or assisting in making arrests.

E.      Award Plaintiff his costs and attorneys' fees incurred in the prosecution of this lawsuit; and

F.      Award any additional relief that this Court deems just, proper, and equitable under the circumstances.

## REQUEST FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues herein.

## DESIGNATION OF TRIAL COUNSEL

PLEASE BE NOTIFIED, Kevin P. McCann, Esquire is hereby designated as trial counsel in the

above-captioned litigation on behalf of Plaintiff, Alexander Casey.

By:     */s/ Michael J. Fioretti (mf5014)*
MICHAEL J. FIORETTI, ESQ.
CHANCE & McCANN, L.L.C.
Attorneys for Plaintiff

Dated:  June 10, 2007